**SO ORDERED.**

**SIGNED this 23 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

| | |
|---|---|
| **BARBARA ANN BRASWELL** | **06-00318-8-JRL** |
| **GLADYS PARKER BULLUCK** | **06-00149-8-JRL** |
| **CLEVELAND RUDOLPH FOSTER, BRENDA BELL FOSTER** | **06-00300-8-JRL** |
| **DAVID ANTHONY JONES, LORIE WILSON JONES** | **05-10597-8-JRL** |
| **ROBIN WAYNE NORDAN** | **05-10699-8-JRL** |
| **DARLICIA CATRINA POPE** | **06-00027-8-JRL** |
| **GERALDINE RICHARDSON** | **06-00049-8-JRL** |
| **JESSE JAMES RUDD** | **06-00064-8-JRL** |
| **TINA LOUISE WATSON** | **05-10612-8-JRL** |
| **RICHARD DEAN WEBB, CRYSTAL DAWN WEBB** | **06-00098-8-JRL** |
| **Debtors.** | **Chapter 13** |

### ORDER

These cases are before the court on the debtors' motions for reconsideration of the court's order entered June 30, 2006. The June 30 order dealt with a number of difficult issues involving confirmation requirements under BAPCPA, the bulk of which are not challenged here. At issue is only the subsidiary holding that in determining the expenses of below-median income debtors, the court would look to Schedule J. On August 10, 2006, the court conducted a hearing on these matters in Wilson, North Carolina.

1

The court has considered the new arguments made at the hearing regarding the calculation of disposable income for below-median debtors under 11 U.S.C. § 1325(b)(2). The debtors assert that, for purposes of plan feasibility, the debtors "squeeze" their expenses and live at a level of subsistence. Thus, the debtors argue that their expenses reported on Schedule J are below the standard of what is "reasonably necessary" for purposes of calculating disposable income under § 1325(b)(2). For this reason, they argue that they should be allowed to increase their expenses when calculating disposable income. The court rejects this argument. In order for the bankruptcy system to function, it is necessary for the court and the trustees administering a case to have a truthful snapshot of a debtor's expenses at the inception of the case. While there is no rigid test for determining what is "reasonably necessary," courts have found that, for purposes of "maintenance and support," it is "an amount sufficient to sustain basic needs not related to the debtor's former status in society or the lifestyle to which he is accustomed." In re Stanley, 296 B.R. 402, 408 (Bankr. E.D. Va. 2002); *see* In re Jones, 55 B.R. 462, 466 (Bankr. Minn. 1985)(stating debtor should be left with sufficient money to pay basic living expenses). It is somewhat incongruent to suggest that a debtor can artificially inflate his actual expenses to reach a hypothetical level deemed "reasonably necessary," when the plain meaning of the word "necessary" means "impossible to do without." Merriam-Webster Online Dictionary, http://www.m-w.com (last visited Aug. 21, 2006).

While cutting corners may be necessary for some debtors, a debtor is not required to reduce his expenses to a level that will deprive him of "adequate food, clothing, shelter and other necessities of life." In re Collins, No. 03-12750C-7G, 2004 WL 3510107 at *2 (Bankr. M.D.N.C. 2004). If a debtor is forced to live in impoverished conditions in order to show that he can fund a Chapter 13 plan, then he is likely not a good candidate for Chapter 13. A debtor completes Schedule J under

penalty of perjury "by estimating the average monthly expenses of the debtor and the debtor's family." The court finds no authority for allowing a debtor to propose one set of expenses for purposes of feasibility and another set for purposes of calculating disposable income.

The court, however, does take stock in the debtors' argument that some reasonably necessary expenses are found outside Schedule J. A number of courts, including this one, have addressed the below-median income calculation of disposable income under the new law and have stated that reasonably necessary expenses are extracted from Schedule J. In re Alexander, 344 B.R. 742, 746 (Bankr. E.D.N.C. 2006)("To arrive at a disposable income figure for a below-median income debtor, one takes the debtor's current monthly income from Part I of Form B22C and subtracts the total monthly expenses from Schedule J"); In re McGuire, 342 B.R. 608, 611 (Bankr. W.D. Mo. 2006)("[F]or below median debtors, the income side of the equation is now calculated as a historical average rather than being based on actual numbers, but the determination of what constitutes reasonably necessary expenses for purposes of determining projected disposable income to be paid into the plan is the same post-BAPCPA as it was pre-BAPCPA: it is based on the actual expenses identified in Schedule J and is subject to the court's discretion as to the reasonableness of the claimed expenses."); see also In re Fuller, ___ B.R. ____, 2006 WL 2096484 at *4 (Bankr. S.D. Ill. 2006)("If her income is lower than the median, she calculates her expenses by subtracting from her current monthly income the expenses specified in § 1325(b)(2)—in other words, her Schedule J expenses.").

The statute itself, however, does not limit reasonably necessary expenses to those listed on Schedule J. 11 U.S.C. § 1325(b)(2). As a result of debtors' attorneys and Chapter 13 trustees in this district gaining more familiarity with the new law, they are acknowledging that other expenses

3

should be taken into consideration when calculating disposable income for below-median debtors. The court finds that, in addition to the expenses set forth in Schedule J, the payroll deductions set forth at line 4 of Schedule I should also be considered when determining the reasonably necessary expenses of a debtor. Such expenses consist of payroll taxes, social security, insurance, union dues, and other amounts deducted from a debtor's pay check by his employer.

Prior to BAPCPA, a debtor dedicated his disposable income to plan payments for the benefit of all creditors. In re Tucker, 220 B.R. 359, 361 (Bankr. W.D. Tenn. 1998). Now, the debtor's projected disposable income is used to pay unsecured creditors only. 11 U.S.C. § 1325(b)(1)(B). Accordingly, when calculating disposable income under BAPCPA, the below-median debtor may deduct the monthly amount needed to pay the trustee to meet the secured, priority, and administrative obligations of his plan as a reasonably necessary expense. That amount should be listed at line 17 of Schedule J, or in any other fashion that satisfies the Chapter 13 trustee.

Aside from these modifications regarding the calculation of disposable income for below-median debtors, any plan to be confirmed in these cases must be in accordance with In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006).[1]

"END OF DOCUMENT"

---

[1] At the hearing, the debtors' attorney discussed related issues, including the need for early termination language in a plan where there is no projected disposable income and thus no applicable commitment period. In addition, the trustees appearing at the hearing inquired regarding whom should bear the burden of monitoring the early termination of these cases so that debtors do not pay more than required. The court urges further discussion of these issues. In the event no resolution can be reached, the court will entertain them in the future upon request.